HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LANCE P. MCDERMOTT,

    Plaintiff,

  v.

LOUIS DEJOY, *et al.*,

    Defendants.

Case No. 2:23-cv-00041-RAJ

**ORDER DISMISSING ACTION WITH PREJUDICE**

    Before the court is Plaintiff Lance P. McDermott's proposed complaint against Defendants U.S. Postal Service and U.S. Postmaster General Louis DeJoy. (Pr. Compl. (Dkt. # 6).) Mr. McDermott is subject to a pre-filing order in this court that requires him to comply with certain steps before the court will issue a summons or service of process. *See McDermott v. U.S. Postal Serv.*, No. C16-0377JCC, Dkt. # 31 ("Bar Order") at 6-9. The court's pre-filing order explains that for any pro se complaint filed by Mr. McDermott:

    i. The assigned Court will review the proposed Complaint to determine

ORDER – 1

    whether good cause exists to permit the action to proceed in light of the claims raised therein and Mr. McDermott's past litigation abuses. The proposed Complaint shall comply with Fed. R. Civ. P. 8(a) and provide a clear statement of the factual and legal basis for each claim asserted, specifically identifying each Defendant against whom the claim is asserted. The proposed Complaint shall be accompanied by a signed statement explaining, on a claim-by-claim basis, (a) whether each claim was raised in any prior action (with an appropriate citation) and (b) why each claim is not barred by collateral estoppel, res judicata, and/or an applicable immunity.

    ii. If the Court determines that good cause has not been shown, the action will be dismissed *sua sponte* without further notice. If the Court also determines that sanctions are appropriate, those shall be imposed at the same time the action is dismissed. Mr. McDermott shall have an opportunity to explain why sanctions should not be imposed in a post-Judgment Motion for Reconsideration filed within ten days of the Judgment.

*Id*. at 9. In entering this pre-filing order, the court noted that Mr. McDermott had filed 11 lawsuits against the U.S. Postal Service and/or the serving U.S. Postmaster General, all alleging "the same grievances." *Id*. at 7.

    Mr. McDermott's proposed complaint against the U.S. Postal Service and U.S. Postmaster General is a no more than a jumbled recitation of all his prior actions with a request for a remedy at the end. (*See generally id*.) As in his previous cases, he has not come close to "provid[ing] a clear statement of the factual and legal basis for each claim asserted, specifically identifying each Defendant against whom the claim is asserted," or explaining why the present action—whatever it may be—"is not barred by *collateral estoppel*, *res judicata*, and/or an applicable immunity." *McDermott*., No. C16-0377JCC, Bar Order at 9. Mr. McDermott's proposed complaint therefore does not meet the court's pre-filing order requirements. Accordingly, the court **DISMISSES** Mr. McDermott's proposed complaint with prejudice. The court finds, however, that sanctions are not appropriate in this case. Moreover, because the court dismisses Mr. McDermott's complaint at this stage, the court **DIRECTS** the Clerk to return to Mr. McDermott any

ORDER – 2

filing fee(s) he paid in connection with this matter. The Clerk shall also strike Plaintiff's Motion to Appoint Counsel and Defendants' pending motion to dismiss as moot. (Dkt. ## 8, 15.)

DATED this 12th day of June, 2023.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3